IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ARDWIN F. SYLVESTER                                                    PETITIONER
ADC #610150
v.                                    Case No. 5:18-CV-00078 JLH-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                      RESPONDENT


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## INTRODUCTION

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner, Ardwin F. Sylvester, an inmate in the Arkansas Department of Correction ("ADC"). For the reasons explained below, it is recommended the petition (DE #2) be dismissed with prejudice.

## PROCEDURAL HISTORY

Petitioner is serving three consecutive life sentences plus forty (40) years for convictions out of Sebastian County Circuit Court for felon in possession, aggravated robbery, kidnapping, and rape.[1] The conviction derives from allegations that Petitioner abducted a woman from the parking lot of a Staples store in Fort Smith, ordered her into her car at gunpoint, sexually assaulted and raped her, and then robbed her before she was eventually able to escape at a gas

---

[1]The felon in possession was severed and tried separately before the rape, kidnapping and aggravated robbery charges. Petitioner received the forty (40) year sentence following that trial. *See Sylvester v. State*, 2015 Ark. App. 589, 474 S.W.3d 97 (affirming the conviction and sentence). The judge ordered that the three (3) life sentences run consecutive to the forty (40) year sentence.

2

station while Petitioner refueled her car. Surveillance video at the gas station captured the victim's escape from Petitioner. Staples employees who witnessed the abduction had already called 911, and the police subsequently arrested Petitioner.

On March 31, 2016, the Arkansas Supreme Court affirmed Petitioner's conviction and sentence on appeal. *Sylvester v. State,* 2016 Ark. 136, 489 S.W.3d 146. On appeal to that court, Petitioner argued two grounds for reversal: (1) the state provided insufficient evidence to find him guilty of kidnapping, rape, or aggravated robbery; and (2) the trial court erred when it denied his motion for mistrial. The Arkansas Supreme Court determined Petitioner failed to preserve the sufficiency argument for appeal and that the mistrial argument lacked merit because there was no comment or question by the prosecutor regarding Petitioner's post-arrest silence. Thus, the appellate court, finding no error, affirmed the trial court.

Petitioner sought a new trial, alleging twelve ineffective assistance of counsel claims: (1) counsel failed to investigate and present mitigating evidence of his history of mental disease; (2) counsel failed to prepare a defense and call witnesses; (3) counsel did not present evidence in the sentencing phase; (4) counsel failed to consult a psychological expert; (5) counsel failed to move to suppress the victim's testimony; (6) counsel abandoned his interest at trial and portrayed him as dangerous; (7) counsel failed to move to suppress his in-custody statement; (8) counsel failed to consult him before trial and made no preparations for trial; (9) counsel failed to investigate the lack of medical evidence; (10) counsel failed to cross-examine the rape victim; (11) counsel failed to object to the State's opening statement and closing argument; and (12) counsel failed to move for a mistrial. (DE #12-5) The trial court denied Petitioner's claims on

3

the merits.  *Id.*   Petitioner then filed a Rule 37 petition related to his felon-in-possession conviction..  The trial court denied the motion, claiming Petitioner's conviction remained under appellate review and was premature.  *Id.*

Petitioner filed a Rule 37 petition on June 13, 2016.  (DE #12-5) In it, Petitioner raised six claims of ineffective assistance of counsel: (1) failure to investigate and present evidence of mental disease or defect, (2) failure to question him and include him in pretrial preparation, (3) failure to call his mother as a witness, (4) failure to present mitigating evidence and to engage an expert of any kind, (5) failure to consult with an independent psychological expert, and (6) wrong and unreasonable trial strategy; one ineffective assistance of appellate counsel claims for appellate counsel's failure to raise the court's error of not granting him a hearing on his new trial motion; and two claims that the trial court denied him due process by failing to hold a hearing on his motion for new trial and failing to appoint him new counsel for the hearing on his motion.  *Id.*  The trial court denied the petition, finding Petitioner was not entitled to a second petition.  *Id.*  In response, Petitioner sought reconsideration explaining that his charges were severed into two separate cases; hence, he filed Rule 37 petitions in both matters.  The Court granted the motion for reconsideration and set for hearing Petitioner's motion for new trial, Rule 37 petition, and any other matters that may be relevant to the case.  *Id.*

The Court set its first hearing for July 20, 2016, to address the Rule 37 petition related to the felon in possession of a firearm conviction.  On July 28, 2016, the Court issued an Order denying relief.  Petitioner filed another Motion for Reconsideration.  The Court held its second hearing on September 8, 2016.  On September 12, 2016, the Court found Petitioner failed to

prove any of his allegations and denied all relief.  (DE #12-5)  The Arkansas Supreme Court affirmed the denial of relief on November 9, 2017.  *Sylvester v. State*, 2017 Ark. 309, 530 S.W.3d 346.  (DE #12-7)

Petitioner filed his current petition on March 26, 2018.   In it, he claims counsel was ineffective (1) for failing to introduce mitigating evidence and preparing a defense; (2) for failing to have the State provide sufficient evidence to support his convictions for rape, kidnapping, and aggravated robbery; and (3) for failing to call his mother, Wanda Mata, as a witness.  (DE #2) It does not appear that Petitioner is challenging his felon-in-possession conviction in this petition.

Respondent filed a Response on May 4, 2018, DE #12, and she admits Petitioner is in her custody but denies he is entitled to any habeas relief. Instead, Respondent asserts Petitioner's claims are either procedurally defaulted or lack merit.

For the reasons that follow, the undersigned recommends that the petition be denied and dismissed with prejudice.

## STANDARD OF REVIEW

To establish a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. 668, 687 (1984).  The defendant must also "show that the deficient performance prejudiced the defense," and "were so serious as to deprive defendant of a fair trial, a trial whose result is reliable."  *Id.*

5

To warrant federal habeas relief, Petitioner must establish that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of" the *Strickland* standard; or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2). These are deferential standards, meaning our review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "A state-court decision is 'unreasonable' within the meaning of § 2254(d) only when it is 'so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Daniels v. Kelley*, 881 F.3d 607, 611 (8th Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011). It is not necessary for the court to cite to any particular United States Supreme Court case "so long as neither the reasoning nor the result of the state-court decision contradicts" Supreme Court precedent. *Early v. Packer*, 537 U.S. 3 (2002) (per curiam).

Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.), *cert. denied*, 517 U.S. 1215 (1996). The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), *cert denied*, 490 U.S. 1114 (1989), and presenting them in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of

discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars review of the claim, unless the prisoner can show cause and actual prejudice for the default, or actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[C]ause requires a showing of some external impediment preventing counsel from constructing or raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991), quoting *Murray v. Carrier*, 477 U.S. 478 (1986). "For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented Petitioner from raising the claim." *See id.* A petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). "[A]ttorney error that results in a procedural default is not cause [to excuse procedural default] unless the attorney's performance was constitutionally deficient." *Interiano v. Dormire*, 471 F.3d 854, 857 (8th Cir. 2006) (additional citations omitted).

## DISCUSSION

A.    <u>Ineffective Assistance Before and During Trial</u>

In his first claim, Petitioner claims his counsel, John Joplin, failed to introduce mitigating evidence and did not prepare a defense so the outcome of the trial could be different. Petitioner

7

does not provide the Court with any mitigating evidence or defense that he believes should have been presented or introduced. Summary dismissal of a habeas corpus claim is proper where a claim is "based solely on 'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (internal citation omitted). Petitioner's allegation is conclusory and unsupported by any factual specifics to state a claim for relief under § 2254. The claim is subject to dismissal for this reason alone.

Petitioner abandoned most of his ineffective assistance of counsel claims on appeal to the Arkansas Supreme Court, and this is one of those abandoned claims. As such, the claim is also procedurally defaulted, and Petitioner has not shown cause and prejudice to excuse the default. Further, *Martinez v. Ryan*, 566 U.S. 1 (2012), would not apply because Petitioner raised this claim in his Rule 37 petition and obtained a ruling, although he abandoned the claim on appeal. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (finding *Martinez* does not apply when petitioner litigated an ineffective assistance of counsel claim in initial review collateral proceeding but failed to obtain review on appeal).

B.    Sufficiency of the Evidence

Petitioner next claims his counsel was ineffective for failing to require the state to prove with sufficient evidence that he committed the crimes of rape, kidnapping, and aggravated robbery.

A state prisoner asserting a sufficiency of the evidence claim in federal habeas court faces a high bar because such claims are subject to two layers of judicial deference. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam). The first layer of deference is to the jury, because it is the

primary responsibility of the *jury* not a court to decide "what conclusions should be drawn from evidence admitted at trial." *Id.* A reviewing court on direct appeal may only overturn a jury verdict if "no rational trier of fact could have agreed with the jury." *Id.* (quoting *Cavazos v. Smith*, 565 U.S.1, 2 (2011) (per curiam). Second, when a federal habeas court reviews a state court decision, it may not overturn that "decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.' " *Id.* (quoting *Cavazos*, 565 U.S. at 2. Federal courts look to state law for "the substantive elements of the criminal offense." *Id.* at 655 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n. 16 (1979). But the question of whether the quantum of evidence adduced at trial is sufficient to satisfy the Due Process clause is "purely a matter of federal law." *Id.*

The Arkansas Supreme Court found that Petitioner failed to make an appropriate directed verdict motion at trial to preserve his claims of sufficiency on appeal. *Sylvester v. State,* 2016 Ark. 136, 489 S.W.3d 146. Accordingly, the claim is procedurally defaulted. A federal court is barred from reviewing a habeas petition when a state court rejects a Petitioner's claims on independent and adequate state grounds, absent a showing of either (1) cause and prejudice or (2) actual innocence. *Coleman*, 501 U.S. at 750. To the extent Petitioner might claim his counsel's ineffectiveness caused the default, the argument must fail. Even if we assumed trial counsel's performance was deficient, Petitioner cannot establish prejudice. Petitioner cannot show that the result of the proceedings would have been different because there was sufficient evidence to support his convictions.

9

C.    Mother as a Witness

In his final claim, Petitioner asserts his counsel was ineffective for failing to call his mother, Wanda Mata, as a witness. This issue was addressed by the Arkansas Supreme Court, that stated:

> This court has repeatedly held that matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. The decision whether to call a particular witness is a matter of trial strategy that is outside the purview of Rule 37. Here, the record demonstrates that Sylvester's trial counsel testified that he had spoken with Sylvester's mother before, and at the time of, trial and made the strategic decision that her testimony would harm rather than help Sylvester; in that she had shown a tendency to blame Sylvester's parole officer for his crimes. Because the decision not to call Sylvester's mother as a witness falls within the realm of trial counsel's professional judgment, the trial court did not clearly err when it denied this claim of ineffective assistance of counsel.

*Sylvester v. State*, 2017 Ark. 309, *5, 530 S.W.3d 346, 349. (internal citations omitted).

"Counsel's strategic decisions 'made after a thorough investigation of law and facts . . . are virtually unchallengeable,' *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066, even if that strategic decision proves unwise." *Wing v. Sargent*, 940 F.2d 1189, 1191 (8th Cir. 1991)(citing *Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir. 1988)). This Court finds that the Arkansas Supreme Court's adjudication of this claim was not contrary to clearly established federal law. Petitioner has the burden of proving that his counsel's performance fell below an objective standard of reasonableness under *Strickland.* His speculation as to how Mata would have testified fails to meet his burden of proof. Further, counsel explained why he did not call Mata, and under these circumstances, Petitioner failed to prove that his counsel was ineffective. Therefore, it cannot be said the state court's determination was contrary to, or involved an unreasonable application

of, clearly established federal law. The state court's decision on this claim, therefore, is given due deference, and Petitioner's argument does not entitle him to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## CONCLUSION

Based on the foregoing, it is recommended that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2) be dismissed, with prejudice, and that the relief prayed for be denied.  It is further recommended that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 5th day of February, 2019.

_____

UNITED STATES MAGISTRATE JUDGE